UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| XACT ASSOCIATES, LLC, )<br>d/b/a XACT COMMUNICATIONS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY YORK, et al. )<br>)<br>Defendants. ) | NO. 5:21-cv-00148-DCR-MAS |

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff Xact Associates, LLC's, d/b/a Xact Communications ("Xact") Motion to Compel document requests from Defendants Chris Crittenden ("Crittenden") and Bandwidth Services, LLC ("Bandwidth VA"). [Docket Entry ("DE") 38]. The Court previously conducted a teleconference with the parties regarding the discovery dispute and provided the parties with a provisional ruling. [DE 35]. With the matter fully briefed [DE 41, 44], the Court denies Xact's motion as explained below.

**I.   RELEVANT BACKGROUND**

The overall dispute between the parties concerns allegations by Xact that its former Vice President of Sales, Gary York, diverted customers and information to a competing business operated by Chris Crittenden, Bandwidth VA. Per Xact, Crittenden and York then helped establish an entity that directly competed with Xact, Bandwidth Services, LLC organized under Kentucky law. [DE 1].

As part of the discovery process, Xact propounded written discovery to Crittenden and Bandwidth VA ("Defendants").

1

> Produce for inspection any and all financial documents relating [to] Bandwidth Virginia and Bandwidth Kentucky, including profit and loss documents, balance sheets, and cash flow statements.

[DE 38-2, Page ID# 276]. Defendants responded as follows:

> Defendants object to Request for Production No. 13 to the extent that they are being asked to produce financial documents relating to Bandwidth KY, including profit and loss documents, balance sheets, and cash flow statements. There is no common ownership between Bandwidth VA and Bandwidth KY; these two limited liability companies are not affiliates of one another. Neither of the Defendants is a member of Bandwidth KY nor do they have any ownership interest in Bandwidth KY. Defendants object to Request for Production No. 13 as it relates to Bandwidth KY because they have no financial documents relating to Bandwidth KY, including profit and loss documents, balance sheets, and cash flow statements. Subject to and without waiving the foregoing specific objection and the General Objections and Responses, Defendants respond to Request for Production No. 13 as follows: Defendants will produce the financial documents relating to Bandwidth VA that are in their possession, custody or control that are responsive to Request for Production No. 13, with the exception of the requested cash flow statements because Bandwidth VA does not create cash flow statements.

[*Id.*] Defendants, as indicated, produced a balance sheet, income statement, and statement of retained earnings for 2020. [DE 38, Page ID# 256-57]. Defendants notified Xact that Bandwidth VA did not maintain any other financial statements as part of the ordinary course of its financial management. [*Id.*]

Given the limited response from Defendants, Xact then followed up and requested Defendants' bank statements as an alternative source of information to assess Defendants' financial condition before and after York's departure from Xact. Defendants refused.

## II. ANALYSIS

As a general matter, Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," based upon the balance of several listed factors. FED. R. CIV. P. 26(b)(1). Fairness and practicality considerations drive the Rule 26 inquiry. Without question, the scope of discovery under Rule 26(b)(1) is substantially broader than that permitted at trial. *See Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499,

500-501 (6th Cir. 1970) (discussing the scope of discovery in the context of a deposition).  Per the Supreme Court, discovery is to be given "broad and liberal treatment." *See Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947).

However, even under these broad considerations, there are guardrails that must not be forgotten.  At bottom, "[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing[,] and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted)).  "Even when material sought in discovery is arguably relevant, the courts nonetheless have a duty under Rule 26(b)(2) to pare down overbroad discovery requests." *Lillard v. University of Louisville*, No. 3:11-cv-554, 2014 WL 12725816, at *6 (W.D. Ky. April 7, 2014) (citing *Rowlin v. Ala. Dept. of Pub. Safety*, 200 F.R.D. 459 (N.D. Ala. 2001)).

Here, Xact seeks any and all "financial documents" from Defendants.  And while Xact provides an example of financial documents (*e.g.*, balance sheet, cash flow statements, etc.), a request to a party for any and all financial documents is simply too broad and vague to expect compliance.  For example, are Defendants merely required to produce any and all bank statements, as Xact suggests?  Or possibly all expense reports?  Or minutes from meetings discussing financial topics and the financial direction of the company?  Or petty cash statements?  Or a list of all aged account receivables?  Or any and all emails referencing financial topics or attaching any spreadsheet possibly touching upon company finances?  Should Defendants be forced to produce financial information that may be wholly irrelevant to the dispute by even Xact's measure, but may contain financial, confidential information?  Rule 34(b)(1)(A) demands that a requesting party

3

"must describe with reasonable particularity each item or category of items to be inspected." "The test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not." *Locke v. Swift Transportation Co. of Arizona, LLC*, No. 5:18-CV-119, 2019 WL 430930, at *2 (W.D. Ky. Feb. 4, 2019). As the Court illustrates, Xact's request is just too broad for Defendants to discern what is being requested and, more importantly here, what is not. In other words, such a far-reaching request is inherently disproportionate to the needs of discovery under Rule 26(b)(1) as the burden of complying with this nebulous discovery request far outweighs any speculative benefits.

Xact's counter is that there may be some relevant material contained in the responsive documents, namely the bank statements Xact now seeks to target only after it discovered Defendants did not have the requisite balance sheets, etc. Yet, this argument only further proves the point. If Xact wanted bank statements, Xact should request bank statements for the relevant time.[1] Xact's efforts at propounding an overly broad discovery request then changing the contours of the request based upon the body of possible responsive materials that might exist is not feasible. Such an approach leaves the responding party speculating and guessing as to the actual scope and breadth of the request. Discovery should not be a game of shifting sands. The Court finds that this request as phrased did not adequately communicate that Xact was seeking every single bank statement, and the request's coverage did not change based on Xact's perception of Defendants' eventual production.

---

[1] In fact, Xact later requested bank statements, a separate issue now pending before the Court. The Court recognizes that this Order may become practically moot pending resolution of the other dispute concerning the bank statements request. Although the Court has issued a provisional ruling in favor of Xact's request [DE 50], the issue remains live.

### III.    CONCLUSION

Accordingly, for the reasons set forth above and the Court being sufficiently advised, the Court **ORDERS** that Xact's Motion to Compel be and is **DENIED**.

The undersigned enters this Memorandum Opinion and Order pursuant to 28 U.S.C. § 636(b)(1)(A). Within fourteen (14) days after being served with a copy of this Memorandum Opinion and Order, either party may appeal the decision to Chief Judge Reeves pursuant to § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this the 15th day of February, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge